UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DANIEL HORACEK,

        Plaintiff,                                       Hon. Gordon J. Quist

v.                                                       Case No. 1:09 CV 96

JESSICA GREY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #18). Pursuant to 28 U.S.C. § 636(b)(1)(B) granting authority for United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of motions for summary judgment, the undersigned recommends that Defendants' motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. (Dkt. #1). On July 21, 2006, Plaintiff requested that his incoming legal mail not be opened outside his presence. *Id.* at ¶¶ 16-17. On January 16, 2008, Plaintiff was informed by Officer Smoker, that "his legal mail was received opened from the United States Postal Service." *Id.* at ¶ 22. Defendant Gray later informed Plaintiff that "she was the only ACF Mailroom worker that handled this mail" and that "the mail was received opened from the Postal Service." *Id.* at ¶ 31.

On February 19, 2008, Plaintiff "received an opened and re-stapled shut envelope" containing "various legal filings and attorney correspondence relating to an ongoing civil suit that [he] was pursuing in the federal court." *Id.* at ¶¶ 35-36. Defendant Gray subsequently informed Plaintiff that she had, in fact, opened this particular item of mail because "this mail was not considered legal mail." *Id.* at ¶¶ 38-41.

On February 22, 2008, Plaintiff received an item of legal mail that "was already opened and then taped shut." *Id.* at ¶¶ 45-47. Plaintiff subsequently discovered that four pages were missing from this mailing. *Id.* at ¶ 48. Defendant Gray later informed Plaintiff that she had opened this particular item of mail because it "was not required to be treated as legal mail pursuant to MDOC policy or federal law." *Id.* at ¶ 51. On five occasions during March 2008, Plaintiff received legal mail that had been opened by prison officials. *Id.* at ¶¶ 59, 67, 70, 74, 77.

Plaintiff alleges that Defendants' actions violated his rights under the First, Fourth, and Sixth Amendments to the United States Constitution. Plaintiff has sued Defendants in their personal capacity seeking monetary damages. On July 2, 2009, Defendants Dutton, Gray, and Howes moved for summary judgment. (Dkt. #18). On October 6, 2009, the Court issued an Order to Show Cause directed to Defendant Gray. (Dkt. #25). In this Order, the Court informed Defendant Gray that she had failed to submit evidence in support of one aspect of her motion for summary judgment. Defendant Gray was directed to show cause why that aspect of her motion for summary judgment should not be denied. In response to the Court's Order, Defendant Gray submitted a second affidavit. (Dkt. #27). Plaintiff has failed to respond to Defendants' motion or supplemental submission. As discussed below, the undersigned recommends that Defendants' motion be granted and Plaintiff's action dismissed.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative

evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

### I. Defendants Howes and Dutton

The only allegations asserted against Defendants Howes and Dutton in Plaintiff's complaint are that Howes and Dutton responded to the various grievances Plaintiff filed concerning the incidents giving rise to the present action. (Dkt. #1 at ¶¶ 33-34, 43-44, 54, 62-66, 69, 72-73, 76, 79- 80). Defendants Howes and Dutton assert that such allegations fail to state a claim on which relief may be granted.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior. *See Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115 (1999). Accordingly, liability in a § 1983 action does not

attach based upon allegations that a defendant simply denied a prisoner's grievance. *See Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

Because Plaintiff has failed to allege that Defendant Howes or Defendant Dutton actively engaged in any unlawful behavior, the undersigned recommends that Plaintiff's claims against Defendants Howes and Dutton be dismissed for failure to state a claim on which relief may be granted.

**II.**         **Defendant Gray**

Plaintiff claims that Defendant Gray violated his rights under the First, Fourth, and Sixth Amendments. Plaintiff's claims are premised on his allegation that Gray, without justification, repeatedly opened his legal mail outside his presence.

        A.     First Amendment

Plaintiff asserts that Defendant Gray retaliated against him and interfered with his ability to communicate with his attorney, contrary to the First Amendment.

1. Retaliation

In his complaint, Plaintiff does not allege that Defendant *did* retaliate against him. Plaintiff instead alleges that he feared that Gray *might* retaliate against him. To state a valid retaliation claim, Plaintiff must allege that the defendant subjected him to adverse action because he was engaged in constitutionally protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)). Plaintiff has made no such allegations. The Court, therefore, recommends that Plaintiff's retaliation claim against Defendant Gray be dismissed for failure to state a claim on which relief may be granted.

2. Right of Access to the Courts

It is well established that prisoners have a constitutionally protected right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), which includes "the reasonable opportunity to communicate with an attorney." *McFarland v. Luttrell*, 1995 WL 150511 at *2 (6th Cir., Apr. 5, 1995) (citations omitted). Accordingly, interference with a prisoner's legal mail may violate the prisoner's right of access to the courts. *Id.*

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). To state a claim for denial of access to the courts, a prisoner must allege that he suffered "an actual litigation related injury or legal prejudice because of the actions of the defendants." *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Casey*, 518 U.S. at 349-51); *see also*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (to state a claim for denial of access to the courts,

Plaintiff must allege that he suffered an "actual injury," such as "the late filing of a court document or the dismissal of an otherwise meritorious claim").

Plaintiff has not alleged that he suffered any litigation related injury or legal prejudice as a result of Defendant Gray's alleged conduct. Accordingly, to the extent that Plaintiff's complaint is interpreted as asserting a claim that Defendant Gray violated his right of access to the courts, the undersigned recommends that such claim be dismissed.

### 3. Interference with Incoming Mail

Plaintiff asserts that Defendant Gray, on three separate occasions, opened his legal mail outside his presence in violation of his First Amendment rights. Specifically, Plaintiff asserts that Defendant Gray unlawfully opened his legal mail on three occasions: (1) January 16, 2008; (2) February 19, 2008; and (3) February 22, 2008. Defendant Gray moves for summary judgment as to these claims.

It is well recognized that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also, Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution"). For example, inmates retain the right, under the First Amendment, to receive mail. *See Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Nonetheless, prison officials may impose restrictions on this right "that are reasonably related to security or other legitimate penological objectives." *Id.*

Courts have long recognized a distinction between legal mail and non-legal mail, the former warranting much greater protection from unreasonable intrusion. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). For example, while prison

officials may inspect (and even read) a prisoner's incoming non-legal mail, courts have consistently held that while prison officials have a legitimate right to inspect incoming legal mail for contraband they may not read a prisoner's incoming legal mail and must perform any inspection thereof in the prisoner's presence. *See Sallier*, 343 F.3d at 874. However, "[n]ot all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights." *Id.* Specifically, while mail from a court or an attorney clearly constitutes "legal mail," mail from other sources, such as a county clerk, do not qualify as constitutionally protected legal mail, absent a "specific indication" that the contents are "to be opened only in the presence of the prisoner." *Id.* at 875-878.

With respect to the January 16, 2008 incident, Defendant Gray has submitted an affidavit in which she asserts that the mail Plaintiff received on January 16, 2008, "was received opened from the United States Postal Service." (Dkt. #20). Plaintiff has submitted no evidence to the contrary. The Court recommends, therefore, that Defendant is entitled to summary judgment as to this particular claim.

As for the February 19, 2008 incident, Defendant Gray asserts in her affidavit that the mail in question was from "L. Brooks Patterson, Oakland County Executive." (Dkt. #20). Gray further asserts that "[t]here were no indications on the envelope that it contained confidential, personal, or privileged material, that it related to pending litigation or that it was to be opened only in the presence of Plaintiff." Gray asserts that because it was not obvious that this particular item contained "legal mail," she "opened the envelope and inspected it for contraband" as required by prison policy. Plaintiff has submitted no evidence in response to Defendant's motion. The Court concludes that this particular item of mail did not qualify as constitutionally protected legal mail. It was neither from an individual identifying himself as an attorney nor an entity that can reasonably be understood to provide legal services to prisoners. Moreover, there was no indication on the envelope that the contents qualified as

"legal mail" or were to be opened only in Plaintiff's presence. The Court recommends, therefore, that Defendant Gray is entitled to summary judgment as to this particular claim.

With respect to the February 22, 2008 incident, Defendant Gray has submitted a second affidavit in which she asserts that the mail in question was from "L. Brooks Patterson, Oakland County Executive." (Dkt. #27, Exhibit A). Gray further asserts that "[t]here were no indications on the envelope that it contained confidential, personal, or privileged material, that it related to pending litigation or that it was to be opened only in the presence of Plaintiff." Gray asserts that because it was not obvious that this particular item contained "legal mail," she "opened the envelope and inspected it for contraband" as required by prison policy. Plaintiff has submitted no evidence to the contrary. Accordingly, for the reasons articulated in the preceding section, the Court recommends that Defendant Gray is entitled to summary judgment as to this particular claim.

B. Fourth Amendment

Plaintiff asserts that Defendants, by opening his legal mail outside his presence, violated his Fourth Amendment right to be free from unreasonable searches and seizures. The Supreme Court long ago held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). This applies as well to a prisoner's incoming mail. *See Thomas v. Kramer*, 2009 WL 937272 at *2 (E.D. Calif., April 7, 2009) ("no Fourth Amendment violation when inmate not present during search of legal materials"); *Hall v. Chester*, 2008 WL 4657279 at *6 (D. Kan., Oct. 20, 2008) ("[p]rison officials do not violate an inmate's Fourth Amendment rights by inspecting the inmate's legal mail, and are not required to have probable cause to search incoming mail"). Moreover, as Defendants correctly assert, "the issue of

whether a prison official can open legal materials outside of an inmate's presence is more appropriately considered under the First Amendment." *Kramer*, 2009 WL 937272 at *2; *Rix v. Wells*, 2008 WL 4279661 at *2 (M.D. Fla., Sept. 16, 2008). Accordingly, the Court recommends that Defendants are entitled to summary judgment as to Plaintiff's Fourth Amendment claims.

### C. Sixth Amendment

Plaintiff asserts that Defendants, by opening his legal mail outside his presence, violated his Sixth Amendment right to counsel. The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right. . .to have the assistance of counsel for his defense." Plaintiff has not alleged that Defendants' alleged conduct interfered with or prejudiced him in any criminal proceeding. Instead, Plaintiff asserts that Defendants' conduct prevented him from communicating with counsel in the context of a civil proceeding. Plaintiff has no Sixth Amendment right to counsel in a civil proceeding. *See, e.g., Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Accordingly, the Court recommends that Defendants are entitled to summary judgment as to this claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #18), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date:  February 4, 2010            /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge